John KOUBA, Plaintiff and Appellee,

v.

GREAT PLAINS PELLETING, INC.,
Defendant and Appellant.

Civ. No. 10910.

Supreme Court of North Dakota.

Aug. 15, 1985.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellee; argued by Ward M. Kirby, Dickinson.

Howe, Hardy, Galloway & Maus, Dickinson, for defendant and appellant; argued by Michael J. Maus, Dickinson.

MESCHKE, Justice.

Great Plains Pelleting, Inc., appeals a judgment awarding $5,509.50 to John Kouba for haygrinding services to Great Plains. We affirm.

Great Plains started a feed pelleting plant at Golva, North Dakota in the fall of 1982. It purchased the equipment to manufacture the pellets from Champion Products of Eden Prairie, Minnesota. Great Plains experienced difficulty with the shredder component. After several unsuccessful attempts by Champion to get the

shredder operational, Ralph Northrup, president of Great Plains, contacted Kouba near the end of November 1982 and engaged him to do custom grinding at $40 an hour until the defective shredder could be repaired or replaced. The parties disagree about whether Kouba participated in a telephone conversation with Steve Kuntz of Champion Products before he started grinding.

Kouba stopped work when Champion representatives repaired the shredder but resumed when Northrup called him back after the shredder again failed to function properly.

In late December 1982, Kouba became concerned about payment. Ralph Northrup suggested that Kouba contact Champion by telephone. A Northrup, Ralph or one of his brothers, participated in the December telephone conversation with Steve Kuntz, in which Kuntz told Kouba that Champion would not discuss payment of his bill until the shredder was either fixed or returned.

Great Plains finally determined the shredder could not be fixed and obtained a different one. By then Kouba had performed 270 hours of work for Great Plains; neither the total number of hours nor the hourly rate is disputed.

In late February 1983, Kouba accompanied Ralph Northrup to Minneapolis when Northrup returned the faulty shredder to Champion. At that time, Kouba gave a statement to Champion. The statement was not addressed to any specific person or entity, nor did it specify that it was from Kouba. It was merely captioned "Hours of hay grinding for Great Plains Pelleting" and contained calculations showing the 270 total hours at $40 an hour for a "total due $10,800."

Northrup received a credit memo from Champion for the returned shredder showing a net credit due Great Plains of $10,-964. Northrup did not press Champion for payment of Kouba's bill but was aware that Champion had not yet agreed to pay it.

During this trip, Northrup agreed to pay Kouba $5,000 because Kouba expressed concern about obtaining fuel to continue his business. Northrup claims this was a loan which Kouba was to repay when Champion paid him.

Champion issued a check to Great Plains on February 18, 1983, for $5,500. On February 24, 1983, Great Plains issued its check to Kouba in the amount of $5,000. The check was signed by Ralph Northrup and contained the notation "custom grinding." Two or three weeks later, Champion returned Kouba's statement to Great Plains with the handwritten statement across the bottom: "Above claim rejected by Arvin Paff (also Steve & Bob Olson) on 2/22/83 to independent tub grinder on phone." Great Plains notified Kouba of this rejection.

Thereafter, counsel for Great Plains and counsel for Champion corresponded concerning the "accord and satisfaction" represented by the credit memo dated February 18, 1983. The correspondence clearly refers to Kouba's bill and the fact that responsibility for paying it was a hotly contested item. Finally, in late August 1983, Champion and Great Plains entered into a "mutual release" concerning all claims related to the shredder, for which Champion paid Great Plains the balance of $5,464.63 due Great Plains on the February credit memo. Great Plains then issued another check for $500 to Kouba. It was dated September 13, 1983, was signed by Ralph Northrup and contained the notation "grinding."

In April 1984, Kouba sued Great Plains for his balance due of $5,300. Great Plains denied Kouba's claim, asserting that any agreement for grinding services was between Kouba and Champion, argued that Kouba had failed to include necessary parties (presumably Champion), and counterclaimed for the $5,500 it had "loaned" Kouba.

The trial court made the following pertinent findings of fact:

"II.

"... Plaintiff ... performed services for and at the instance and request of

the Defendant Great Plains Pelleting, Inc. by furnishing a tractor and shredder, as well as his personal services, at a fair and reasonable charge of $40.00 per hour, over a total of two hundred seventy (270) hours, making a total charge of $10,800.00.

"III.

"That the Defendant, Great Plains Pelleting, Inc., received the benefit of such services as well as the production of feed pellets resulting therefrom.

"IV.

"... the evidence does not disclose that there was a contract between the Plaintiff and Champion Products, Inc. by virtue of which Champion undertook to make payment to the Plaintiff for the services rendered to the Defendant.

"V.

"That the Plaintiff did endeavor to assist the Defendant in efforts to collect from Champion the amount of Plaintiff's charges for services rendered to the Defendant, through the use of telephone calls and a trip to Minneapolis with representatives of the Defendant.

VI.

"That payments made by the Defendant in the sum of $5,000.00 in February of 1983, and $500.00 in September of 1983, were payments made by the Defendant to the Plaintiff, but with the understanding that if the Plaintiff was successful in collecting his total bill from Champion that he would refund such amounts to the Defendant.

VII.

"The evidence discloses that the Defendant at all times had a legitimate claim for the services rendered by Plaintiff, and which are the subject of this action, against Champion Products, which claim the Defendant preemptorily settled by an accord and satisfaction reached by Champion and the Defendant, which did not include the amount of Plaintiff's claim which was left unpaid and unsettled.

VIII.

"That the Plaintiff is entitled to judgment for the sum of $10,800.00, less the sum of $5,500.00 paid to the Plaintiff by Defendant, or a net total of $5,300.00 plus his costs and disbursements herein, ....

IX.

"That the evidence fails to sustain a claim made in Defendant's Counterclaim for which reason said Counterclaim should be dismissed with prejudice and with costs to the Plaintiff."

The Court entered judgment accordingly in favor of Kouba for $5,300 plus costs.

Although it did not plead the affirmative defense of estoppel in its answer as required by Rule 8(c), N.D.R.Civ.P., Great Plains now argues that Kouba's claim is barred by the doctrine of equitable estoppel, codified at § 31–11–06, N.D.C.C.:

*"Estoppel by declaration, act, or omission.*—When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

Great Plains has the burden of proving each element of estoppel and estoppel is not favored unless clearly warranted by the facts of the case. *Johnson v. Northwestern Bell Telephone Co.*, 338 N.W.2d 622, 625 (N.D.1983). The well-established elements of estoppel in non-real estate matters were outlined in our recent decision in *Blocker Drilling Canada, Ltd. v. Conrad*, 354 N.W.2d 912, 920 (N.D.1984). Thus, Great Plains must establish: 1) its lack of knowledge and the means of knowledge of the truth as to the facts in question; 2) its good faith reliance upon the conduct or statements of Kouba; and 3) its action or inaction based thereon, which re-

sulted in a change of its position to its injury.

▮ In effect, Great Plains asks this Court to make findings of fact on these essential elements from disputed evidence when it failed to persuade the trial court to do so. Under Rule 52(a), N.D.R.Civ.P., it is not this Court's function to make new findings, unless the facts are so clear that reasonable minds could not fairly differ. There is no such overwhelming showing here.

▮ Rather, the record shows that Great Plains knew Champion had not agreed to pay Kouba's bill long before Great Plains released Champion. Consequently, Great Plains could not have justifiably relied on Kouba's unsuccessful attempts to secure payment from Champion.

A trial court's findings of fact are presumptively correct and will not be set aside unless clearly erroneous. Rule 52(a), N.D. R.Civ.P. Having reviewed the evidence, we cannot say that the court's findings were clearly erroneous. We conclude that estoppel does not apply.

Great Plains also contends that the trial court erred by not dismissing Kouba's action for failure to join Champion as an indispensable party.

We find it noteworthy that Great Plains posits its argument on the bare assertion in its answer, "[t]hat Plaintiff has failed to include necessary parties," which did not identify any such party and which did not give reasons why another party should be joined.

Champion may have been a "proper" party in the sense that either Kouba or Great Plains could have made Champion a party defendant. See Rule 21, N.D.R.Civ.P. Also, Rule 14(a), N.D.R.Civ.P., enables a defendant, as a third-party plaintiff to serve a summons and complaint "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." But, Great Plains closed off this avenue for itself by its release of Champion.

If Champion was a "necessary" party, in the sense that in its "absence complete relief cannot be accorded among those already parties," Rule 19(a), N.D.R.Civ.P. provides that such a "necessary" party should be joined unless the party is not subject to service of process or joinder would defeat jurisdiction or venue. The court is specifically authorized by the rule to order joinder of such a "necessary" party. But, on this record, it is not clear to us that Champion was a "necessary" party, let alone an "indispensable" one. The trial court was able to accord complete relief between Kouba and Great Plains.

▮ Dismissal of an action for nonjoinder of a party is an extreme remedy which should only be granted where a party is truly "indispensable." Rule 19(b), N.D.R.Civ.P., makes it clear that a party is "indispensable" only where the ability of the court to make an equitable adjudication in the absence of that party is seriously impaired *and* where joinder of that party cannot be obtained because of a jurisdictional or other limitation. There is no showing here that Champion was not subject to service of process. Nor is any substantial reason advanced by Great Plains why the adjudication between Kouba and Great Plains is incomplete or inequitable. Great Plains blocked its own path of recourse against Champion.

We conclude that dismissal of the complaint for failure to join a party was not required.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.